UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-80041-CR-ROSENBERG

UNITED STATES OF AMERICA

vs.

DARNELL MENDEZ,

    Defendant.
_____/

# GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR A DOWNWARD VARIANCE

The United States respectfully files this response in opposition to the defendant's motion for a downward variance, in which the defendant recommends a sentence of twenty-five years' imprisonment (DE 82). Pursuant to the plea agreement, the United States and defendant agreed that the defendant would recommend a sentence of twenty-five (25) years' imprisonment, and that the United States would recommend a sentence of thirty (30) years' imprisonment (DE 54). Pursuant to Title 18, United States Code, Section 3553(a), the United States recommends a sentence of thirty years' imprisonment.

**I.    THE § 3553(a) FACTORS WARRANT A SENTENCE OF THIRTY YEARS' IMPRISONMENT.**

Although the Sentencing Guidelines recommend life imprisonment, pursuant to the § 3553(a) factors, the United States recommends a sentence of thirty years' imprisonment based on the nature and circumstances of the instant offense, the seriousness of the offense, the need to provide just punishment, and the defendant's extensive criminal history. 18 U.S.C. § 3553(a).

**A. The Nature and Circumstances of the Offense, and the Seriousness of the Offense, Warrant a Thirty-Year Sentence.**

In sentencing the defendant, this Court must consider, among other factors, the nature and circumstances of the offense, the seriousness of the offense, and the need to provide just punishment for it.  18 U.S.C § 3553(a)(1), (a)(2)(A).

This case involves the death of a ten-month-old baby girl who ingested fentanyl distributed by the defendant and his co-conspirator. The defendant preyed on a mother struggling with addiction, using her vulnerability to make a profit. An innocent baby died as a result. After the baby's death, the defendant continued exploiting vulnerable people and perpetuating a cycle of addiction and despair by continuing to sell fentanyl. The defendant caused great harm not only through his drug distribution, but also through his possession of numerous weapons. The defendant had access to numerous, loaded weapons and carried at least one firearm to his drug deals. Thus, the seriousness of the offense and nature and circumstances of the offense alone warrant a sentence of thirty years' imprisonment, due to the danger he posed, the illegal poison he distributed, and the defendant's procurement of weapons.

Specifically, on March 30, 2022, the baby's mother purchased fentanyl from the co-defendant (DE 54, Defendant's Factual Proffer, ¶ 6). The defendant and co-defendant were a package deal and distributed fentanyl together (DE 54, ¶¶ 7, 14). Although the co-defendant would meet with the mother to distribute fentanyl, the fentanyl came from the defendant (DE 54, ¶14). The defendant was the supplier, as he was the one who cut, capped, and packaged the fentanyl. *Id.* He also set the prices of the fentanyl capsules. *Id.* However, when meeting with drug addicted victims, the defendant attempted to evade law enforcement detection by having his co-conspirator meet with his victims at various locations, while he stayed in his vehicle watching and waiting for his profit. When the baby's

2

mother met with the co-defendant, the mother even had the baby with her in the car seat. (DE 54, ¶¶ 7, 14). While the mother was with the baby, the co-defendant and defendant arrived together in their vehicle, the co-defendant exchanged fentanyl with the mother, and then the co-defendant gave the money to the defendant (DE 54, ¶14).

On March 31, 2022, the mother reported her baby was having problems breathing and was unresponsive (DE 54, ¶ 1). On that same day, the mother sent a video of the baby in distress to the co-defendant (DE 54, ¶ 4). On April 5, 2022, the baby was removed from life support and passed away. *Id.* The baby's mother and father were both addicted to fentanyl, as fentanyl is extremely addictive (DE 54, ¶ 3).

Despite the mother's drug addiction, the video of the baby gasping for oxygen, and the baby's death, the defendant continued selling fentanyl for years, which included numerous distributions by the defendant, totaling approximately 136 grams of fentanyl from the defendant and co-defendant from December 2022 to December 2023 (DE 54, ¶ 9). Thus, the seriousness of the offense, and nature and circumstances of the offense warrant a sentence of thirty years' imprisonment. The defendant chose to profit from a vulnerable mother of an innocent, ten-month-old baby, who struggled with an extremely addictive opiate, and then chose to continue selling fentanyl for years after the baby's death.

In his motion, the defendant argues that he is similarly situated to the defendants in *United States v. Donte McCray*, 21-CR-80185-KAM; *United States v. Peterson Nozinord*, 21-CR-80184-DMM; *United States v. Keyon Lewis*, 23-CR-14030-AMC (DE 82, 1-2); and *United States v. Massena*, 16-CR-80071-KAM. The defendant is not similarly situated to any of those defendants. None of those matters involved the death of an innocent baby. Further, none of those defendants possessed a dangerous weapon or maintained a premise for the purpose of manufacturing a controlled

3

substance. *United States v. Donte McCray*, 21-CR-80185-KAM (PSI, DE 39); *United States v. Peterson Nozinord*, 21-CR-80184-DMM (PSI); *United States v. Keyon Lewis*, 23-CR-14030-AMC (DE 82); and *United States v. Christopher Massena*, 16-CR-80071-KAM (PSI, DE 61).

Here, when law enforcement arrested the defendant and searched the defendant's residence, law enforcement seized a total of thirteen (13) firearms in an open plastic container, and some of the firearms were loaded (DE 54, ¶12). During the search, law enforcement seized a bag of white powder, numerous empty capsules used for packaging, and a cross-body bag containing filled capsules testing positive for fentanyl (DE 4, ¶ 11). The bag contained a revolver, which was the same bag the defendant carried during drug deals (PSI ¶ 68). The drug deals occurred at various locations in the community, including outside of the co-conspirator's mother's mobile home (DE 54, ¶¶ 4, 7, 8).

**B.  The Defendant's Criminal History Warrants a Thirty-Year Sentence.**

In sentencing the defendant, this Court must consider, among other factors, the history and characteristics of the defendant and the need for the sentence imposed to promote respect for the law, to provide just punishment for the offense, and to protect the public from further crimes of the defendant. 18 U.S.C § 3553(a)(1), (a)(2).

The defendant's guideline imprisonment range is life (PSI ¶ 154). The defendant has an extensive criminal history, including two prior convictions for both robbery with a firearm (PSI ¶ 103) and possession of heroin with intent to sell and possession of cocaine with intent to sell (PSI ¶ 106). After the defendant pleaded guilty for robbery with a firearm, he was sentenced to six years' imprisonment (PSI ¶ 103). However, his six-year sentence did not deter him. The defendant was released in April 2015, but just nine months later, he was again arrested for committing serious drug

felonies (PSI ¶ 106). Due to the defendant's prior two convictions, unlike the cases cited by the defendant, he is a career offender (PSI ¶ 108).

The defendant's adjusted offense level is 47 (PSI ¶ 95) but "in those rare instances where the total offense level is calculated in excess of 43, the offense level will be treated as a level 43" (PSI ¶ 99). With an offense level of 43 and a criminal history category VI, the defendant's guideline imprisonment range is life (PSI ¶ 154).

### C. The Defendant Has Already Received a Significant Benefit.

Finally, the defendant has already received a significant benefit by the government agreeing to thirty years' imprisonment for causing the death of a baby. The defendant also received a significant benefit, because despite the overwhelming evidence of the defendant possessing numerous firearms in furtherance of his drug trafficking at his residence, due to his acceptance of responsibility, the government agreed to seek dismissal of Count Four (4) of the Indictment, charging the defendant with possession of a firearm in furtherance of a drug trafficking crime in violation of Title 18, United States Code, Section 924(c), after sentencing (DE 54, ¶ 2). The government also agreed to not file a sentencing enhancement, pursuant to Title 21, United States Code, Section 851, which if filed, would raise the mandatory-minimum term of imprisonment to life in prison (DE 54, ¶ 9).

WHEREFORE, the government respectfully opposes the defendant's request for a downward variance of twenty-five years' imprisonment. The government recommends a sentence of thirty years' imprisonment based on the § 3553(a) factors.

        Respectfully Submitted,

        MARKENZY LAPOINTE
        UNITED STATES ATTORNEY

By:   *s/ Shannon O'Shea Darsch*
        Shannon O'Shea Darsch
        Assistant U.S. Attorney
        Florida Bar. No. 68566
        Shannon.darsch@usdoj.gov
        500 S. Australian Avenue, Suite 400
        West Palm Beach, Florida 33401
        TEL: (561) 209-1027
        FAX: (561) 805-9846

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 3, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*s/ Shannon O'Shea Darsch*
Shannon O'Shea Darsch (FL Bar No.  68566)
Assistant U.S. Attorney